# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS FORD (#2021010143)** | **CIVIL ACTION NO.** |
| **VERSUS** | **21-395-JWD-EWD** |
| **CHARLES RUBLE, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 22, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS FORD (#2021010143)     CIVIL ACTION NO.

VERSUS     21-395-JWD-EWD

CHARLES RUBLE, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Thomas Ford ("Ford"), an inmate currently confined at the Catahoula Correctional Center ("CCC") in Harrisonburg, Louisiana, who is representing himself.[1] Based on the screening process for such complaints, it is recommended that Plaintiff's federal claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and 1915A, that supplemental jurisdiction over any state law claims be declined, and that this case be closed.

### I. Background

Ford filed suit under 42 U.S.C. § 1983 against numerous defendants, including state officials and other individuals (collectively "Defendants").[2] Ford alleges that various family members falsely accused him of sexual abuse, "defaming his character" and resulting in his arrest allegedly "with no DNA, bruises, or doctors [sic] test."[3] He seems to primarily complain that a thorough investigation of the allegations was not done prior to his arrest. Ford requests monetary and injunctive relief.[4]

### II. Law & Analysis

#### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or

---

[1] R. Doc. 1.
[2] R. Doc. 1, pp. 2-3.
[3] R. Doc. 1, p. 3.
[4] R. Doc. 1, p. 4.

by any other plaintiff who has been granted IFP status, if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[5] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[10] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[11] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[12] A claim is also

---

[5] §1915(e) provides for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Ford was granted IFP status on July 29, 2021 (R. Doc. 3), so both statutes apply.
[6] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §1915(e)(2)(B)(ii), §1915A, and Fed. R. Civ. P. 12(b)(6)).
[7] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[9] *Id.*
[10] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[11] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[12] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[13]

### B. Ford has Failed to State a Valid Constitutional Claim

A claim, such as Ford's, that is brought under § 1983 is required to allege conduct undertaken by persons acting under the color of state law.[14] It appears that only two of the individuals named by Ford as defendants may have been acting under color of state law--Charles Ruble and Chadrick Bell (collectively "State Defendants").[15] The remaining Defendants, Angel Johnson, Amyri Johnson, Alexis Johnson, Desmond Squall, Kechia T. Johnson, Naomi Walker, and Sharron Walker, are individuals who are family members or personal acquaintances of Ford and were not, based upon the allegations of the Complaint, acting under color of law.[16] The Court also confirmed via a questionnaire that no defendants, other than Ruble and Bell, are employed by any city, state, or parish government.[17] Because only the State Defendants are capable of acting under color of state law, no other Defendants are subject to liability under § 1983,[18] and all federal claims against these Defendants should be dismissed.[19]

---

[13] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[14] *Jones v. Cajun Temporary Service*, No. 10-645, 2010 WL 4902460, at *1 (M.D. La. Nov. 2, 2010) (dismissing as frivolous claims brought against actors who were not acting under color of state law).
[15] R. Doc. 1, p. 3. Ford says that Ruble is an investigator for the East Baton Rouge Police and that Bell is a police officer for the Baton Rouge City Police. Ford also names Angel Johnson, a "certified nurse" as a Defendant, but it is unclear what role Johnson played.
[16] R. Doc. 1, p. 3.
[17] R. Doc. 5, p. 2. Ford was ordered to complete the questionnaire to evaluate whether Ford's claims have merit. R. Doc. 4.
[18] *Jones*, 2010 WL 4902460, at *1.
[19] While it is possible to state a claim under § 1983 for a conspiracy between state and non-state actors, in this case Ford has not alleged any meeting of the minds between the State Defendants and the non-state defendants to deprive him of his civil rights. *McCalley v. UT Southwestern Medical Center*, No. 20-3196, 2021 WL 955272, at *9 (N.D. Tex. Feb. 24, 2021), citing *McCoy v. Hous. Auth. of New Orleans*, No. 15-398, 2015 WL 9204434, at *8 (E.D. La. Dec. 17, 2015) (citing *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004)). Further, it does not appear that Ford could state a § 1983 conspiracy claim on the facts alleged because, as explained below, he has not established a constitutional violation by the State Defendants. *See, Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) (A § 1983 conspiracy claim is a "legal mechanism" that allows a plaintiff to "impose liability on all of the defendants without regard to who committed the particular act, but a conspiracy claim is not actionable without an actual violation of section 1983.").

As to the State Defendants, it appears Ford is alleging that these defendants arrested him without conducting an adequate investigation.[20] This allegation implies that a warrant was issued without probable cause and implicates the integrity of criminal proceedings in the Louisiana state court system. When a § 1983 claim might have a disruptive effect on contemporaneous state criminal proceedings, "a federal district court should stay its hand."[21] However, the district court is still required to make the threshold determination regarding whether the action is frivolous or fails to state a claim under 28 U.S.C. §§ 1915(e) and 1915A.[22]

Ford's claims regarding arrest without probable cause implicate the Fourth Amendment. Fourth Amendment rights are violated if the affiant, in support of the warrant, includes a false statement knowingly and intentionally, or with reckless disregard for the truth and the allegedly false statement is necessary to the finding of probable cause.[23] No facts provided by Ford indicate that either State Defendant knowingly and intentionally, or with reckless disregard for the truth, provided false information to procure the arrest warrant. To the extent Ford alleges "statements from the DCFS office was not brought into investigation concerning the statements made by myself and the family," he does not provide any details regarding these statements, and there is no indication that the State Defendants provided false information or withheld exculpatory information in obtaining the arrest warrant.[24] To the contrary, it appears the statement Ford refers to was unknown to the State Defendants, as he states that the testimony given to DCFS "was not even thought of."[25] Based on Ford's allegations, as clarified by his questionnaire responses, at

---

[20] R. Docs. 1, p. 3; 5, p. 2.
[21] *Marts v. Hines*, 68 F.3d 134, 135–36 (5th Cir. 1995), *on reh'g en banc,* 117 F.3d 1504 (5th Cir. 1997), citing *Deakins v. Monaghan*, 484 U.S. 193 (1988).
[22] *Id.*
[23] *Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018).
[24] Further, it appears that Ford is complaining regarding later discovery that occurred after his arrest. *See* R. Doc. 5, p. 2.
[25] R. Doc. 5, p. 2.

4

most, the State Defendants did not conduct an adequate investigation before obtaining the warrant for his arrest, which does not state a claim under § 1983.

Ford alleges that "a thorough investigation was not done concerning this matter" and that the State Defendants "took the testimony of the accuse[r] at face value."[26] There is no constitutional right to an investigation and therefore, no constitutional basis for a § 1983 claim based upon an unreasonable investigation.[27] The Fifth Circuit has squarely held that there is no legal basis for a § 1983 claim of "unreasonable investigation."[28] Accordingly, the only federal claim against the State Defendants is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[29]

### C. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Ford seeks to have the Court exercise supplemental jurisdiction over potential state law claims,[30] a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling

---

[26] R. Doc. 5.
[27] *Burrell v. Adkins*, No. 01-2679, 2007 WL 4699166, at *9 (W.D. La. Oct. 22, 2007), citing *Shields v. Twiss*, 389 F.3d 142, 150-51 (5th Cir. 2004).
[28] *Shields,* 389 F.3d at 150-151.
[29] R. Doc. 1, pp. 3-4. Even if Ford had alleged that he was wrongfully arrested or imprisoned, such claims fail because, as discussed above, no information indicates the State Defendants knowingly provided false information to obtain the arrest warrant and because a victim's statement, which by Ford's own allegations implicated him, is sufficient to support probable cause. *See Henderson v. Garnett*, No. 11-141, 2012 WL 3637451, at *2 (N.D. Miss. Aug. 22, 2012) (collecting cases). "The existence of probable cause precludes a § 1983 suit for false arrest [because] a person arrested with probable cause cannot cry false arrest." *Montalvo v. Jurek*, No. 04-3664, 2004 WL 2658074, at *2 (N.D. Ill. Oct. 13, 2004). *See also Graham v. Dalla Area Rapid Transit*, 288 F.Supp. 3d 711, 737 (N.D. Tex. Dec. 28, 2017) (the existence of probable cause precludes a claim for false arrest). There is no basis in the facts alleged by Ford to support a claim of false arrest or false imprisonment. Ford should not be granted further leave to amend to attempt to state these claims because the Court already gave Ford the opportunity to provide relevant facts that may have supported by ordering him to respond to a questionnaire. R. Docs. 4 & 5. *See Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (*pro se* litigants should ordinarily be offered an opportunity to amend prior to dismissal). Despite his response to the questionnaire (R. Doc. 5), Ford has still failed to provide facts to support his claims.
[30] Ford's state law claims appear to sound in tort, specifically defamation. R. Doc. 1, p. 3.

reasons.[31] Having recommended that Ford's federal claims against all Defendants be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction be declined.

### **RECOMMENDATION**

**IT IS RECOMMENDED** that this Court decline the exercise of supplemental jurisdiction over Plaintiff Thomas Ford's potential state law claims, that Ford's federal claims be **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and that this case be **CLOSED**.[32]

Signed in Baton Rouge, Louisiana, on February 22, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[31] 28 U.S.C. § 1367.
[32] Ford is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.